UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| THOMAS TILLERY, | ) | Civil Action No.: 4:06-1487-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| THE PANTRY, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**I.      PROCEDURAL HISTORY**

This is a premises liability negligence action. Plaintiff, Thomas Tillery, filed this action on April 17, 2006, in the Horry County Court of Common Pleas. Defendant thereafter removed the case to this Court on May 16, 2006. At the time this action was filed, Plaintiff was represented by counsel. However, on September 19, 2006, District Judge Terry Wooten entered a Consent Order (Document # 7) relieving Plaintiff's counsel and indicating that Plaintiff would be proceeding pro se.[1]

On January 15, 2007, Defendant filed a Motion for Summary Judgment (Document # 10). Because Plaintiff is proceeding pro se, he was advised on January 16, 2007, pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendant's Motion for Summary Judgment could result in dismissal of his Complaint. The deadline for Plaintiff's response to Defendant's Motion was February 22, 2007. On April 3, 2007, the undersigned entered an Order

---

[1] Thereafter, all pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

(Document # 6) directing Plaintiff to file a response within five days. The order specifically provided, "[i]f there is no response within five (5) days of the date of this Order, it will be recommended that this case be dismissed for failure to prosecute." More than five days have passed since the filing of that Order and Plaintiff has failed to file a response to Defendant's Motion.

## II.   DISCUSSION

### A.   Rule 41(b) Dismissal

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no response has been filed. Plaintiff has not responded to Defendant's Motion for Summary Judgment. The undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Rule 41(b), Fed.R.Civ.P.

B.  Motion for Summary Judgment

In the alternative, it is recommended that Defendant's Motion for Summary Judgment be granted.

1.  Factual History

Plaintiff asserts that, while walking across Defendant's parking lot, he slipped and injured his knee. See Complaint at ¶ 5. Defendant submits that, during his deposition, Plaintiff was unable to identify the cause of his fall:

> Defendant's Counsel: Tell me how or why you slipped.
> . . . .
> Plaintiff: I don't know how I slipped. All I know, I got out of my van to walk toward the store and slipped.
> . . . .
> Plaintiff: [I] don't know what was on the ground. I don't know what was on the ground. All I know is I got out of my van - - I got out my van to go in the store and I slipped. I don't know what was on the ground, but it had to be something on the ground.
> I ain't going to say that. But I don't know what was on the ground.
> Defendant's Counsel: Did you see anything on the ground?
> Plaintiff: I wasn't looking on the ground.
> . . . .
> Defendant's Counsel: [Y]ou don't know what you slipped on?
> Plaintiff: No, I can't tell you, no.
> . . . .
> Defendant's Counsel: I don't mean to beat a dead horse, but what made you fall?
> Plaintiff: I don't know. I mean, to this day[,] right now, I've asked the Lord to show me what made me fall. I don't know what made me fall. All I know is I got out of my van to walk toward the store and I fell.

Defendant's Motion at 3 (quoting Plaintiff Dep. at 53:24-25; 54:2-4, 15-23; 57:2-3, 18-23).[2]

Defendant also asserts that Plaintiff has failed to present evidence that Defendant created the dangerous condition or that Defendant knew or should have known about the dangerous condition

---

[2] Defendant did not attach to its Motion the portions of Plaintiff's deposition cited in the Motion.

and failed to remedy it. Plaintiff testified in his deposition that he did not know who put the "slippery substance" on the ground or how long it had been there:

> Defendant's Counsel: Do you know how long it [the "something slippery"] had been there?
> Plaintiff: No, sir.
> Defendant's Counsel: Do you know who put it there?
> Plaintiff: No, sir.
> . . . .
> Defendant's Counsel: Okay. So you don't know whether or not that water could have been there ten seconds before you pulled into that [parking] space?
> Plaintiff: I don't know. I don't know.
> . . . .
> Defendant's Counsel: But, again, you don't know who put it there?
> Plaintiff: No, I don't know, no.
> Defendant's Counsel: All right. And you don't know how long any sort of substance - -
> Plaintiff: No, sir.
> Defendant's Counsel: - - on the parking lot had been there?
> Plaintiff: No, sir.

Defendant's Motion at 6 (quoting Plaintiff Dep. at 55:12-15; 56:4-7; 57:11-17).

    2.    Summary Judgment Standard

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party

must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celetex Corp. v. Catrett, 477 U.S. 317, 324 (1986)(Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves"). To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings. Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Celetex Corp. v. Catrett, 477 U.S. 317, 322 (1986). See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

      3.      Discussion

To prove negligence, a plaintiff must show: (1) the defendant owes a duty of care to the plaintiff; (2) the defendant breached the duty by a negligent act or omission; (3) the defendant's breach was the actual and proximate cause of the plaintiff's injury; and (4) the plaintiff suffered an injury or damages. Doe v. Marion, 361 S.C. 463, 470, 605 S.E.2d 556, 560 (Ct.App.2004). Because South Carolina does not recognize the doctrine of res ipsa loquitur, the fact that Plaintiff fell alone is insufficient to establish that Defendant was negligent in any way. Plaintiff has failed to produce any evidence as to what caused him to fall in Defendant's parking lot. Therefore, he has failed to satisfy his burden and summary judgment is appropriate.

Assuming, arguendo, that there was a slippery substance on the ground that caused Plaintiff to fall, Plaintiff fails to establish that Defendant caused the slippery substance to be on the ground or that Defendant knew or should have known that it was on the ground and failed to remove it. In Wintersteen v. Food Lion, 344 S.C. 32, 35, 542 S.E.2d 728, 729-30 (2001), the South Carolina Supreme Court set forth the standard in premises liability cases:

> To recover damages for injuries caused by a dangerous or defective condition on a storekeeper's premises, the plaintiff must show either (1) that the injury was caused by a specific act of the defendant which created the dangerous condition; or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it. Anderson v. Racetrac Petroleum Inc., 296 S.C. 204, 371 S.E.2d 530 (1988); Pennington v. Zayre Corp., 252 S.C. 176, 165 S.E.2d 695 (1969); Hunter v. Dixie Home Stores, 232 S.C. 139, 101 S.E.2d 262 (1957). In the case of a foreign substance, the plaintiff must demonstrate either that the substance was placed there by the defendant or its agents, or that the defendant had actual or constructive notice the substance was on the floor at the time of the slip and fall. Calvert v. House Beautiful Paint & Decorating Ctr., Inc., 313 S.C. 494, 443 S.E.2d 398 (1994); Wimberly v. Winn-Dixie Greenville, Inc., 252 S.C. 117, 165 S.E.2d 627 (1969); Pennington v. Zayre Corp., 252 S.C. 176, 165 S.E.2d 695 (1969); Orr v. Saylor, 253 S.C. 155, 169 S.E.2d 396 (1969); Hunter v. Dixie Home Stores, 232 S.C. 139, 101 S.E.2d 262 (1957); Gilliland v. Pierce, 235 S.C. 268, 111 S.E.2d 521 (1959); Gillespie v. Wal-Mart Stores, Inc., 302 S.C. 90, 394 S.E.2d 24 (Ct.App.1990).

In light of this standard, Plaintiff has failed to satisfy his burden.  Thus, summary judgment is appropriate on this ground as well.

**III.     CONCLUSION**

For the reasons set forth above, it is recommended that Plaintiff's Complaint be dismissed for failure to prosecute.  In the alternative, it is recommended that Defendant's Motion for Summary Judgment (Document # 10) be granted and this case be dismissed.  If the district judge adopts this recommendation, all other pending motions shall be rendered moot.

                                    s/Thomas E. Rogers, III
                                    Thomas E. Rogers, III
                                    United States Magistrate Judge

April 16, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice contained of the following page.**